UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIELLE DIBIANCO | : | CASE NO. |
| | : | |
| GAS ENTERPRISES OF EAST HAVEN, INC. D/B/A ANIELLO'S PIZZA AND ITALIAN RESTAURANT; and ANIELLO SCOTTO AND SALVATORE SCOTTO D/B/A ANIELLO'S PIZZA AND ITALIAN RESTAURANT | : | March 28, 2011 |

## COMPLAINT

**FIRST COUNT:** (SEXUAL HARASSMENT - As to Defendant GAS Enterprises of East Haven, Inc. d/b/a Aniello's Pizza and Italian Restaurant)

1. This action is brought to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment in violation of the Civil Rights Acts of 1964 and 1991, 42 U.S.C. §2000e et. seq., as amended, §31-49 of the Connecticut General Statutes, and the common law of the State of Connecticut.

2. The plaintiff, Danielle DiBianco, a resident of the Town of East Haven, Connecticut filed a charge of discrimination against Aniello and Salvatore Scotto d/b/a Aniello's Pizza and Italian Restaurant, with the Connecticut Commission on Human

Rights and Opportunities ("CHRO") and the Equal Employment Opportunities Commission ("EEOC") on or about November 23, 2009 complaining of acts of sexual harassment.

3. On January 21, 2011, the CCHRO issued to the plaintiff a "Notice of Right to Sue." The plaintiff has filed this lawsuit within 90 days of her receipt of the Notice of Right to Sue.

4. On March 23, 2011, the Equal Employment Opportunity Commission ("EEOC") issued to the plaintiff a "Notice of Right to Sue." The plaintiff has filed this lawsuit within 90 days of her receipt of that Notice of Right to Sue.

5. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1331 and 1334. Jurisdiction over the state law claims is invoked under statutory supplemental jurisdiction, 28 U.S.C. §1367.

6. At all times mentioned herein, the defendant GAS Enterprises of East Haven, Inc. was a Connecticut corporation with its principal place of business located at 346 Hemingway Avenue, East Haven, Connecticut.

7. At all times mentioned herein, the defendant GAS Enterprises of East Haven, Inc. was doing business as Aniello's Pizza and Italian Restaurant at 346 Hemingway Avenue, East Haven, Connecticut.

8. At all times mentioned herein, the defendants Aniello Scotto and Salvatore Scotto were doing business as Aniello's Pizza and Italian Restaurant at 346 Hemingway Avenue, East Haven, Connecticut.

9. At all times mentioned herein, Antonio Scotto was an agent, servant, and employee of the defendant GAS Enterprises of East Haven, Inc. d/b/a Aniello's Pizza and Italian Restaurant and was acting within the scope of his authority.

10. At all times mentioned herein, Antonio Scotto was an agent, servant and employee of the defendants, Aniello Scotto and Salvatore Scotto d/b/a Aniello's Pizza and Italian Restaurant, and was acting within the scope of his authority.

11. On July 29, 2009 and for approximately four months prior to that date, the plaintiff, Danielle DiBianco, was employed as a waitress at Aniello's Pizza and Italian Restaurant (hereinafter "Aniello's").

12. On the night of July 29, 2009, Danelle DiBianco was working at Aniello's. Antonio Scotto was the shift manager.

3

13. On July 29, 2009 at approximately 8:00 p.m., Daniello DiBianco was approached by Antonio Scotto, who said "You're sweet like a lemon. You make my day even better every time I see you." Ms. DiBianco ignored him and went to the back of the restaurant to pick up a food order.

14. After delivering the food to her customer, Ms. DiBianco returned to the kitchen, at which time Antonio Scotto asked her "Do you still dance?", whereupon she replied "Yes."

15. Mr. Scotto then asked Ms. DiBianco "You do ballet, tap and jazz?" Ms. DiBianco replied "Yes", whereupon Ms. Scotto then asked Ms. DiBianco to perform some jazz moves for him. Ms. DiBianco responded "No" and walked away.

16. Approximately 30-45 minutes later, Antonio Scotto approached Ms. DiBianco again and commanded her "Go stretch for me in the restaurant." Ms. DiBianco responded "No, I'm not doing it."

17. At approximately 9:30 p.m., as Ms. DiBianco was in the kitchen, Antonio Scotto approached her again. "Are you going to stretch?", he asked. "Show me some moves", he demanded. He then said "If you don't dance for me, you're fired and you're not getting your check." Ms. DiBianco walked away and returned to the restaurant.

4

18.  At approximately 10:00 p.m., Ms. DiBianco was alone with Antonio Scotto in the kitchen, the restaurant having closed for business. Antonio asked "What kind of drinks do you like? I like rum and coke." Ms. DiBianco responded "I don't drink." Mr. Scotto then invited Ms. DiBianco to accompany him to a strip club. She declined the invitation, reminding him that he is 37 years old and married. Mr. Scotto persisted: "That doesn't matter." Ms. DiBianco then told him that she had a boyfriend. Undeterred, he responded "Just drop him off" and repeated his request that she show him some dance moves.

19.  When Ms. DiBianco attempted to leave the restaurant, Mr. Scotto stood in front of the door, blocking the exit. Ms. DiBianco then relented and performed several dance moves for Mr. Scotto.

20.  Shortly thereafter, Miguel the cook returned to the restaurant. Mr. Scotto spoke with him in Italian. They started laughing. Ms. DiBianco finished her dance moves. Mr. Scotto then said to her "You're too crazy to hang out with. I'm sure your boyfriend loves your flexibility." He then handed her a paycheck, and I left.

5

21.     Antonio's treatment of me was so hostile, threatening, and offensive that I could no longer tolerate working at Aniello's. I did not return to work there after that day.

22.     As a result of the events of July 29, 2009, as described herein, Ms. DiBianco suffered mental distress, anxiety, embarrassment and humiliation. Those injuries have caused her, and will in the future cause her, to limit her activities.

23.     As a further result of that incident, Ms. DiBianco has lost time from work, and will lose time from work, and her earning capacity has been impaired, all to her financial loss.

24.     Antonio Scotto's conduct, as described herein, rendered Ms. DiBianco's working conditions so difficult and intolerable that she felt forced to resign, and did in fact resign, on or about July 30, 2009.

25.     A reasonable person in Ms. DiBianco's position, subjected to the same hostile work environment as Ms. DiBianco, would have resigned her position. Therefore, Danielle DiBianco's resignation constitutes a constructive discharge.

26.     On and before July 29, 2009, the defendant GAS Enterprises of East Haven, Inc. d/b/a Aniello's Pizza and Italian Restaurant failed to intervene to prevent

6

Antonio Scotto from sexually harassing and assaulting Danielle DiBianco when they knew or, in the exercise of reasonable care, should have known that he had sexually harassed other female employees of the respondent and otherwise engaged in the unwanted touching of other female workers at its Milford, Connecticut office.

**SECOND COUNT:**   **(SEXUAL HARASSMENT - As to Defendants Aniello Scotto and Salvatore Scotto d/b/a Aniello's Pizza and Italian Restaurant)**

1-25.   Paragraphs 1 through 25 of the First Count are hereby made paragraphs 1 through 25 of the Second Count.

26.   On and before July 29, 2009, the defendants Aniello Scotto and Salvatore Scotto d/b/a Aniello's Pizza and Italian Restaurant failed to intervene to prevent Antonio Scotto from sexually harassing and assaulting Danielle DiBianco when they knew or, in the exercise of reasonable care, should have known that he had sexually harassed other female employees of the respondent and otherwise engaged in the unwanted touching of other female workers at its Milford, Connecticut office.

**THIRD COUNT:**   **(FALSE IMPRISONMENT - As to the defendant GAS Enterprises of East Haven, Inc. d/b/a Aniello's Pizza and Italian Restaurant)**

1-26.   Paragraphs 1-26 of the First Count are hereby incorporated as paragraphs 1-26 of the Third Count.

7

27. In barring Ms. DiBianco from leaving the restaurant until she had performed for him, Mr. Scotto unlawfully restrained Ms. DiBianco's physical liberty, and said conduct constituted a false imprisonment.

28. As a result of that false imprisonment, Danielle DiBianco has suffered, and will suffer, injuries consisting of mental distress and anxiety, embarrassment and humiliation. Those injuries have caused her, and will cause her, to limit her activities.

**FOURTH COUNT:   (FALSE IMPRISONMENT - As to defendants Aniello Scotto and Salvatore Scotto d/b/a Aniello's Pizza and Italian Restaurant)**

1-26. Paragraphs 1-26 of the Second Count are hereby incorporated as paragraphs 1-26 of the Fourth Count.

27. In barring Ms. DiBianco from leaving the restaurant until she had performed for him, Mr. Scotto unlawfully restrained Ms. DiBianco's physical liberty, and said conduct constituted a false imprisonment.

28. As a result of that false imprisonment, Danielle DiBianco has suffered, and will suffer, injuries consisting of mental distress and anxiety, embarrassment and humiliation. Those injuries have caused her, and will cause her, to limit her activities.

**FIFTH COUNT:**   (UNSAFE WORKPLACE - As to defendant GAS Enterprises of East Haven, Inc. d/b/a Aniello's Pizza and Italian Restaurant)

1-26.   Paragraphs 1-26 of the First Count are hereby incorporated as paragraphs 1-26 of the Fifth Count.

27.   The defendant GAS Enterprises of East Haven, Inc. d/b/a Aniello's Pizza and Italian Restaurant, in permitting Antonio Scotto to sexually harass Danielle DiBianco in the manner described herein, failed to provide Danielle DiBianco with a reasonably safe place in which to work and reasonably fit and competent persons as her co-laborers, as required by §31-49 of the Connecticut General Statutes.

**SIXTH COUNT:**   (UNSAFE WORKPLACE - As to defendant Aniello Scotto and Salvatore Scotto d/b/a Aniello's Pizza and Italian Restaurant)

1-26.   Paragraphs 1-26 of the Second Count are hereby incorporated as paragraphs 1-26 of the Sixth Count.

27.   The defendants Aniello Scotto and Salvatore Scotto d/b/a Aniello's Pizza and Italian Restaurant, in permitting Antonio Scotto to sexually harass Danielle DiBianco in the manner described herein, failed to provide Danielle DiBianco with a reasonably safe place in which to work and reasonably fit and competent persons as her co-laborers, as required by §31-49 of the Connecticut General Statutes.

9

**SEVENTH COUNT:** **(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - As to defendant GAS Enterprises of East Haven, Inc. d/b/a Aniello's Pizza and Italian Restaurant, Inc.)**

1-26. Paragraphs 1-26 of the First Count are hereby incorporated as paragraphs 1-26 of the Seventh Count.

27. The defendant GAS Enterprises of East Haven, Inc. d/b/a Aniello's Pizza and Italian Restaurant, its agents, servants and employees knew, or should have known, that Danielle DiBianco would likely suffer emotional distress from Antonio Scotto's conduct.

**EIGHTH COUNT:** **(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - As to defendant Aniello Scotto and Salvatore Scotto d/b/a Aniello's Pizza and Italian Restaurant, Inc.)**

1-26. Paragraphs 1-26 of the Second Count are hereby made paragraphs 1-26 of the Eighth Count.

27. The defendants Aniello Scotto and Salvatore Scotto d/b/a Aniello's Pizza and Italian Restaurant, its agents, servants and employees knew, or should have known, that Danielle DiBianco would likely suffer emotional distress from Antonio Scotto's conduct.

10

**THE PLAINTIFF CLAIMS DAMAGES AS FOLLOWS:**

1. TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS in compensatory damages;

2. Punitive damages; and

3. Attorney's fees.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Dated at New Haven, Connecticut this \_\_28th\_\_ day of March, 2011.

THE PLAINTIFF,

BY: _____
STEVEN D. JACOBS
JACOBS, JACOBS & SHANNON, P.C.
265 ORANGE STREET
NEW HAVEN, CT  06510
PHONE: (203) 562-6111
FAX: (203) 624-8752
FEDERAL BAR NO. ct00409